John F. GRAHAM, Plaintiff,

v.

Ruth C. CLUSEN et al., Defendants.

Civ. A. No. 76–1842.

United States District Court,
District of Columbia.

Feb. 24, 1977.

John F. Graham, pro se.

Jerome J. Shestack, Eugene A. Spector, and Stefan M. Lopatkiewicz, of Schnader, Harrison, Segal & Lewis, Washington, D. C., Howard Monderer, of the Nat. Broadcasting Co., Washington, D. C., for the defendant Herbert S. Schlosser.

Theodore D. Frank and Rodney F. Page, of Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for the defendants Ruth C. Clusen and Lawrence K. Grossman.

J. Roger Wollenberg and Timothy B. Dyk, of Wilmer, Cutler & Pickering, Washington, D. C., for the defendant Arthur R. Taylor.

Carl R. Ramey and John J. Smith, McKenna, Wilkinson & Kittner, Washington, D. C., for the defendant Elton H. Rule.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This suit has been brought by John Graham, a voter in the 1976 Presidential election. Named as defendants are the presidents, as of September 23, 1976, of the major commercial broadcasting networks, of the Public Broadcasting Service, and of the League of Women Voters. Basically, the plaintiff alleges that the defendants, in presenting on television and radio the September 23 Ford-Carter debate, conspired to "forcibly deprive" him of an "informed" vote. This, he claims, was a violation of 42 U.S.C. § 1985 (1970), and entitles him to $5 million in damages.

The crux of the plaintiff's argument lies in two paragraphs of the complaint:

5. Although defendants [were] bound to know that no Presidential candidate [would] be given serious consideration by the electorate unless the television facilities of ABC, CBS, NBC and PBS [were] made available to him, defendants consciously, deliberately and with malice aforethought excluded all Presidential candidates except Candidates Ford and Carter from participating in the televised discussion of political issues on September 23, 1976.

6. By defendants' wrongful and malicious act of excluding all Presidential candidates except Candidates Ford and Carter from participating in the televised discussion of political issues on September 23, 1976, defendants conspired forcibly to deprive plaintiff of the right and privilege to vote intelligently in the national elections on November 2, 1976.

The portion of 42 U.S.C. § 1985 that the plaintiff claims the defendants violated by these actions is as follows:

. . . [I]f two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President . . . [and] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is . . . deprived of having and exercising [that right], the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

What the plaintiff has in reality done here is to allege a violation of the "equal opportunities" provision of the Communications Act, 47 U.S.C. § 315(a) (1970), *as amended* (Supp. V, 1975). This Court doubts very strongly that Congress has intended 42 U.S.C. § 1985 to be a supplemental remedy to those already provided within the Federal Communications Commission for violations of 47 U.S.C. § 315(a). But because the Court believes that the plaintiff has not alleged a prima facie case under 42 U.S.C. § 1985, it need not reach this issue.

In order to establish liability under the portion of § 1985 invoked, the plaintiff must plead and eventually prove that certain persons have conspired to "prevent" him "by force, intimidation, or threat" from lawfully exercising his voting rights in a Presidential election. In his pleadings, it is true, Mr. Graham has alleged that he has been "forcibly deprived" of his right to cast an informed vote. But it is clear from what he has said elsewhere in his pleadings and at oral argument that he is not alleging that the defendants applied any more "force" to him than to any other voter in the country; nor is he alleging that the defendants in any way sought to prevent him from obtaining sufficient information about other candidates quite easily from alternative sources. The Court can assume that an informed vote was an interest that Congress sought to protect in § 1985. Nevertheless, the statute specifically provides that the conspirators must have intended "to prevent by force, intimidation, or threat" a voter from exercising that right. In this Court's view, these words clearly indicate that Congress intended that a more narrowly focused conspiracy and a more nearly total deprivation have existed. The Court concludes, therefore, that the plaintiff has not pleaded a cause of action under 42 U.S.C. § 1985.

Accordingly, this case must be dismissed as to all defendants.

It is so ORDERED.